IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **Joshua K.**[1], <br><br>   Plaintiff, <br><br> v. <br><br> **NANCY A. BERRYHILL,** Deputy Commissioner for Operations, performing the duties and functions not reserved to the Commissioner of Social Security, <br><br>   Defendant. | Case No. 3:17-cv-01729-SI <br><br> **OPINION AND ORDER** |

Merrill Schneider, SCHNEIDER KERR & ROBICHAUX, P.O. Box 14490, Portland, Oregon 97293. Of Attorney for Plaintiff.

Billy J. Williams, United States Attorney, and Renata Gowie, Assistant United States Attorney, UNITED STATES ATTORNEY'S OFFICE, 1000 S.W. Third Avenue, Suite 600, Portland, OR 97204; Lisa Goldoftas, Special Assistant United States Attorney, OFFICE OF GENERAL COUNSEL, Social Security Administration, 701 Fifth Avenue, Suite 2900 M/S 221A, Seattle, WA 98104. Of Attorneys for Defendant.

**Michael H. Simon, District Judge.**

---

[1] In the interest of privacy, this opinion uses only the first name and the initial of the last name of the non-governmental party in this case. Where applicable, this opinion uses the same designation for a non-governmental party's immediate family member.

PAGE 1 – OPINION AND ORDER

Plaintiff Joshua K. ("Plaintiff") seeks judicial review of the final decision by the Social Security Commissioner ("Commissioner") denying Plaintiff's application for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Social Security Act, 42 U.S.C. §§ 401-33, 1381-83f. This Court has jurisdiction to review the Commissioner's decision pursuant to 42 U.S.C. § 405(g). In this case, both parties agree that the ALJ's decision is flawed, and therefore this case must be reversed and remanded. The parties disagree, however, on whether the case must be remanded for further proceedings, as Defendant advocates, or for an award of benefits, as Plaintiff urges. For the reasons discussed below, the Commissioner's decision denying Plaintiff's application for DIB and SSI is REVERSED and REMANDED for further proceedings.

## STANDARD OF REVIEW

The district court must affirm the Commissioner's decision if it is based on the proper legal standards and the findings are supported by substantial evidence. 42 U.S.C. § 405(g); *see also Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989). "Substantial evidence" means "more than a mere scintilla but less than a preponderance." *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1222 (9th Cir. 2009) (quoting *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995)). It means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (quoting *Andrews*, 53 F.3d at 1039).

Where the evidence is susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005). Variable interpretations of the evidence are insignificant if the Commissioner's interpretation is a rational reading of the record, and this Court may not substitute its judgment for that of the Commissioner. *See Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193, 1196 (9th Cir. 2004). "[A] reviewing court must consider the entire record as a whole and may

PAGE 2 – OPINION AND ORDER

not affirm simply by isolating a specific quantum of supporting evidence." *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007) (quoting *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006) (quotation marks omitted)). A reviewing court, however, may not affirm the Commissioner on a ground upon which the Commissioner did not rely. *Id.*; *see also Bray*, 554 F.3d at 1226.

## BACKGROUND

### A. Plaintiff's Application

Plaintiff was born on July 28, 1979. AR 46. He has a limited education (up to ninth grade), can communicate in English, and has performed construction work and temporary labor sporadically, but has not worked since 2012. AR 47, 53-58. He filed for DIB and SSI on June 26, 2013, alleging disability due to degenerative disc disease status post microdiscectomy, cannabis abuse, opiate abuse, and major depressive disorder. AR 17.

Plaintiff's application was denied initially and upon reconsideration, and he requested a hearing before an administrative law judge ("ALJ"). AR 40. An administrative hearing was held on November 10, 2015. *Id.* Plaintiff was represented by counsel and testified. *Id.* In March of 2016, the ALJ issued a written decision denying Plaintiff's application. AR 158-79. Plaintiff sought review by the Appeals Council. The Appeals Council granted Plaintiff's request for review and remanded to the ALJ to rectify the issues it identified with the ALJ's initial decision. AR 180-85. The ALJ held another hearing, on December 20, 2016, at which Plaintiff was once again represented by counsel and he again testified. The ALJ issued a written decision once again denying Plaintiff's application on March 1, 2017. AR 17-31. Plaintiff now seeks judicial review of that decision.

**B. The Sequential Analysis**

A claimant is disabled if he or she is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A). "Social Security Regulations set out a five-step sequential process for determining whether an applicant is disabled within the meaning of the Social Security Act." *Keyser v. Comm'r Soc. Sec. Admin.*, 648 F.3d 721, 724 (9th Cir. 2011); *see also* 20 C.F.R. §§ 404.1520 (DIB), 416.920 (SSI); *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987). Each step is potentially dispositive. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The five-step sequential process asks the following series of questions:

1. Is the claimant performing "substantial gainful activity?" 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). This activity is work involving significant mental or physical duties done or intended to be done for pay or profit. 20 C.F.R. §§ 404.1510, 416.910. If the claimant is performing such work, she is not disabled within the meaning of the Act. 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). If the claimant is not performing substantial gainful activity, the analysis proceeds to step two.

2. Is the claimant's impairment "severe" under the Commissioner's regulations? 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). An impairment or combination of impairments is "severe" if it significantly limits the claimant's physical or mental ability to do basic work activities. 20 C.F.R. §§ 404.1521(a), 416.921(a). Unless expected to result in death, this impairment must have lasted or be expected to last for a continuous period of at least 12 months. 20 C.F.R. §§ 404.1509, 416.909. If the claimant does not have a severe impairment, the analysis ends. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). If the claimant has a severe impairment, the analysis proceeds to step three.

3. Does the claimant's severe impairment "meet or equal" one or more of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1? If so, then the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the impairment does not meet or equal one or more of the listed impairments, the analysis continues. At that point, the ALJ must evaluate medical and other relevant evidence to assess and determine the

claimant's "residual functional capacity" ("RFC"). This is an assessment of work-related activities that the claimant may still perform on a regular and continuing basis, despite any limitations imposed by his or her impairments. 20 C.F.R. §§ 404.1520(e), 404.1545(b)-(c), 416.920(e), 416.945(b)-(c). After the ALJ determines the claimant's RFC, the analysis proceeds to step four.

4. Can the claimant perform his or her "past relevant work" with this RFC assessment? If so, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If the claimant cannot perform his or her past relevant work, the analysis proceeds to step five.

5. Considering the claimant's RFC and age, education, and work experience, is the claimant able to make an adjustment to other work that exists in significant numbers in the national economy? If so, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v), 404.1560(c), 416.960(c). If the claimant cannot perform such work, he or she is disabled. *Id.*

*See also Bustamante v. Massanari*, 262 F.3d 949, 954 (9th Cir. 2001).

The claimant bears the burden of proof at steps one through four. *Id.* at 953; *see also Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999); *Yuckert*, 482 U.S. at 140-41. The Commissioner bears the burden of proof at step five. *Tackett*, 180 F.3d at 1100. At step five, the Commissioner must show that the claimant can perform other work that exists in significant numbers in the national economy, "taking into consideration the claimant's residual functional capacity, age, education, and work experience." *Id.*; *see also* 20 C.F.R. §§ 404.1566, 416.966 (describing "work which exists in the national economy"). If the Commissioner fails to meet this burden, the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). If, however, the Commissioner proves that the claimant is able to perform other work existing in significant numbers in the national economy, the claimant is not disabled. *Bustamante*, 262 F.3d at 953-54; *Tackett*, 180 F.3d at 1099.

## C. The ALJ's Decision

The ALJ's issued its most recent decision in response to an order of remand from the Appeals Council in this case. The Appeals Council found that the ALJ's residual functional capacity finding that Plaintiff can "stand and walk 1 hour at one time up to less than 2 hours in an 8-hour workday; he can sit 2 hours at one time up to no more than 6 hours in an 8-hour workday" was vague "because it does not specify how much less than 2 hours the claimant is capable of standing and walking." AR 182. Additionally, the Appeals Council found that Plaintiff's limitations of "less than 2 hours standing and walking" and "up to 6 hours sitting" equates to less than a full eight-hour workday as required by Social Security Ruling 96-9p.

The Appeals Council also found error with the ALJ's phrasing of the hypothetical question posed to the vocational expert, because the ALJ asked about a hypothetical individual who can sit for two hours at one time up to "more than 6 hours total." AR 183. This appears to be inconsistent with the ALJ's residual functional capacity finding that Plaintiff could only sit for "up to 6 hours" not "more than 6 hours." AR 183. Thus, the Appeals Council remanded this case the ALJ to correct these issues and issue a new opinion.

Specifically, the Appeals Council ordered that, upon remand, the ALJ will obtain additional evidence concerning Plaintiff's impairments, give further consideration to Plaintiff's maximum residual functional capacity and provide appropriate rationale with specific references to evidence of record in support of the assessed limitations, and, if warranted by the record, obtain supplemental evidence from a vocational expert to clarify the effect of the limitations on Plaintiff's occupational base. AR 183.

On remand, the ALJ went through the five-step sequential analysis. At step one, the ALJ found that Plaintiff meets the insured status requirements of the Social Security Act through June 30, 2012. AR 20. At step two, the ALJ found that Plaintiff had not engaged in substantial gainful

activity since June 30, 2012, the alleged onset date of Plaintiff's disability. *Id.* At step three, the ALJ determined that Plaintiff has the following severe impairments: degenerative disc disease status-post microdiscectomy, cannabis abuse, opiate abuse, and major depressive disorder. *Id.* The ALJ found that the impairments are severe because they have caused more than minimal vocational limitations for 12 consecutive months. *Id.* The ALJ noted that Plaintiff has also been treated for other symptoms and complaints, which have not lasted or are not expected to last for 12 consecutive months. These include Plaintiff's fractured right foot, hypothyroidism, renal stones, and substance abuse in remission. *Id.* At step four, the ALJ determined that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. AR 21.

The ALJ determined that Plaintiff has the residual functional capacity to perform sedentary work, except that:

> He can stand and walk 1 hour at one time, up to less than 2 hours total in an 8 hour workday. He can sit 2 hours at one time, up to more than 6 hours total in an 8-hour workday. He can occasionally climb ramps and stairs. He should not climb ladders, ropes, and scaffolds. He can frequently balance. He can occasionally stoop, kneel, and crouch. He should not crawl. He can understand and remember simple instructions. He has sufficient concentration, persistence, and pace to complete simple, routine tasks for a normal workday and workweek with normal breaks. He should have only occasional brief, superficial interactions with the general public and coworkers. He is able to accept supervision. He should be in a workplace with few changes to the work setting.

AR 23.

At step four, the ALJ determined that Plaintiff has no past relevant work. At step five, the ALJ determined that there are jobs that exist in significant numbers in the national economy that Plaintiff can perform. AR 30. The vocational expert testified that Plaintiff would be able to perform the requirements of inspector of eyeglass frames and optical goods (DOT 731.684-038)

and inspection of small parts assembly (DOT 713.684-018). AR 30. Therefore, the ALJ concluded that Plaintiff was not disabled. AR 31.

## DISCUSSION

Both parties agree that the ALJ failed to correct the overly-vague limitation of standing and walking to "less than 2 hours." The Appeals Council ordered the ALJ to correct this vague language, and the ALJ, without explanation, failed to make the ordered correction. On this basis, both parties agree that the ALJ's decision should be reversed. The Court agrees that the ALJ failed to clarify the vague language and indeed repeated the same error when given a second bite at the apple. Accordingly, the ALJ's decision must be reversed and remanded.[2]

However, neither party contends that the ALJ's errors ended there. Both parties also agree that the ALJ erred in improperly rejecting the findings of Plaintiff's treating physician, Dr. Ryan Petering, M.D. The ALJ gave little weight to Dr. Petering's assessment of Plaintiff's mental limitations because Dr. Petering is a medical doctor, not a psychiatrist. TR 28. However, a treating physician's opinion of a claimant's mental limitations "constitutes 'competent psychiatric evidence' and may not be discredited on the ground that he is not a board certified psychiatrist." *Lester v. Chater*, 81 F.3d 821, 833 (9th Cir. 1995) (quoting *Sprague v. Bowen*, 812 F.2d 1226, 1232 (9th Cir. 1987)). Thus, the ALJ should not have discredited Dr. Petering's assessment of Plaintiff's mental limitations on the grounds that Dr. Petering is a medical doctor, not a psychiatrist. On remand, the ALJ should further consider Dr. Petering's opinions, including his opinion testimony regarding Plaintiff's mental *and* physical impairments. The ALJ should consider whether Dr. Petering's medical opinions are contradicted or unsupported by other

---

[2] Additionally, the ALJ provided no explanation for the change in residual functional capacity from "up to no more than" six hours sitting per day to "more than" six hours sitting per day.

evidence in the record. If the ALJ concludes that is the case, the ALJ must provide "specific and legitimate reasons that are supported by substantial evidence." *See Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005).

Plaintiff also argues that the ALJ erred in rejecting some of Plaintiff's subjective symptom testimony.[3] The ALJ may "reject the claimant's testimony about the severity of [his] symptoms only by offering specific, clear and convincing reasons for doing so." *Brown-Hunter v. Colvin*, 806 F.3d 487, 493 (9th Cir. 2015) (quoting *Lingenfelter v. Astrue*, 504 F.3d 1029, 1036 (9th Cir. 2007)). This means that the ALJ's finding must be supported by substantial evidence, and the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints. *See Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998). The ALJ "must state specifically which symptom testimony is not credible and what facts in the record lead to that conclusion." *Smolen v. Chater*, 80 F.3d 1273, 1284 (9th Cir. 1996).

The ALJ concluded that the medical record does not support the severity of the claimant's alleged physical symptoms. The ALJ discussed Plaintiff's testimony that he experiences severe back pain that limits his ability to sit, stand, walk, lift, and carry objects. AR 24. The ALJ found that Plaintiff's statements concerning the intensity, persistence, and limiting effects of his symptoms were not entirely consistent with the medical evidence and other evidence in the record. AR 23-24. The ALJ gave moderate weight to the CDIU investigator, finding that the CDIU investigator's observations were generally consistent with the record as a whole. AR 29. Plaintiff told the CDIU investigator that he walks to the grocery store, gets his mail, and occasionally interacts with friends, all activities inconsistent with the severity of his symptom testimony. The ALJ also considered inconsistencies in Plaintiff's subjective symptom

---

[3] The ALJ did not conclude that Plaintiff was malingering.

testimony, Dr. Button's opinion that the MRI did not explain Plaintiff's reported symptoms, a history of drug-seeking behavior, and evidence from Dr. Petering that Plaintiff may have not given full effort in examinations. TR 24-27. The ALJ's has provided clear and convincing reasons for discrediting some of Plaintiff's subjective symptom testimony as it relates to intensity, persistence, and limiting effects of his symptoms. *See Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002).

Finally, Plaintiff argues that the ALJ erred at step five by accepting a vocational expert's testimony that Plaintiff could perform a job that does not exist in the Dictionary of Occupational Titles ("DOT"). *See Davis v. Astrue*, 10-cv-742, 2012 WL 10512, at *1 (D. Or. Jan. 3, 2012). The vocational expert identified the job "optical goods inspector" which does not exist in the DOT. An ALJ may not accept vocational expert testimony that contradicts the DOT unless the record contains "persuasive evidence to support the deviation." *Tommasetti v. Astrue*, 533 F.3d 1035, 1042 (9th Cir. 2008) (quoting *Johnson v. Shalala*, 60 F.3d 1428, 1435 (9th Cir. 1995)). Neither the vocational expert nor the ALJ attempted to justify this deviation with evidence. However, the Court need not reach this claim of error. Based on the ALJ's errors in considering Dr. Petering's medical opinion evidence and in formulating the residual functional capacity, this case must be remanded so that the ALJ may determine a new residual functional capacity and pose a new hypothetical to a vocational expert.

The record does not clearly require a finding of disability and leaves factual questions regarding key issues in the record unresolved. Although Plaintiff urges the Court to apply the credit-as-true rule and remand for an award of benefits, this Court believes that further proceedings are necessary in this case. On remand, the ALJ should hold a de novo hearing and

further consider the medical opinion of Dr. Petering, reformulate Plaintiff's residual functional capacity, and obtain new vocational expert testimony.

## CONCLUSION

The Commissioner's decision that Plaintiff was not disabled is REVERSED AND REMANDED for further proceedings consistent with this Opinion and Order.

**IT IS SO ORDERED**.

DATED this 18th day of December, 2018.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge