# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **JOSHUA ROBERT KIRKLAND**, | Case No. 3:17-cv-01729-SI |
| Plaintiff, | **ORDER** |
| v. | |
| **COMMISSIONER SOCIAL SECURITY ADMINISTRATION**, | |
| Defendant. | |

**Michael H. Simon, District Judge.**

The EAJA authorizes the payment of attorney's fees to a prevailing party in an action against the United States, unless the government shows that its position in the underlying litigation "was substantially justified." 28 U.S.C. § 2412(d)(1)(A). Although the EAJA creates a presumption that fees will be awarded to a prevailing party, Congress did not intend fee shifting to be mandatory. *Flores v. Shalala*, 49 F.3d 562, 567 (9th Cir. 1995). The decision to deny EAJA attorney's fees is within the discretion of the court. *Id.*; *Lewis v. Barnhart*, 281 F.3d 1081, 1083 (9th Cir. 2002). A social security claimant is the "prevailing party" following a sentence-four remand pursuant to 42 U.S.C. § 405(g) either for further administrative proceedings or for the payment of benefits. *Flores*, 49 F.3d at 567-68 (citing *Shalala v. Schaefer*, 509 U.S. 292, 300 (1993)). Fee awards under the EAJA are paid to the litigant, and not the litigant's attorney, unless the litigant has assigned his or her rights to counsel to receive the fee award. *Astrue v. Ratliff*, 560 U.S. 586, 596-98 (2010).

A court applies a reasonableness standard in determining whether the government's position was substantially justified. *Flores*, 49 F.3d at 569. "The government has the burden of proving its positions were substantially justified." *Hardisty v. Astrue*, 592 F.3d 1072, 1076 n.2 (9th Cir. 2010). It must demonstrate that its position had a reasonable basis in both law and fact. *Flores*, 49 F.3d at 569-70. The reasonableness standard is met if the government's position is "justified in substance or in the main" or "to a degree that could satisfy a reasonable person." *Gutierrez v. Barnhart*, 274 F.3d 1255, 1258 (9th Cir. 2001) (citation and quotation marks omitted); *Lewis*, 281 F.3d at 1083. The government must justify both the original agency action and its litigation position. *Gutierrez*, 274 F.3d at 1259.

The government's failure to prevail in its position on the underlying issues is not dispositive of the issue of whether the government's position was "substantially justified." *See, e.g.*, *Pierce v. Underwood*, 487 U.S. 552, 569 (1988) ("Conceivably, the Government could take a position that is not substantially justified, yet win; even more likely, it could take a position that is substantially justified, yet lose."). A district court's reversal of the ALJ's decision, however, is a strong indication that the government's defense of that decision was not substantially justified. *See Thangaraja v. Gonzales*, 428 F.3d 870, 874 (9th Cir. 2005) ("Our holding that the agency's decision of [this] case was unsupported by substantial evidence is therefore a strong indication that the position of the United States in this matter was not substantially justified. Indeed, it will be only a decidedly unusual case in which there is substantial justification under the EAJA even though the agency's decision was reversed as lacking in reasonable, substantial and probative evidence in the record.") (quotation marks omitted).

Under the EAJA, if the government's position is not substantially justified, the court has discretion to determine whether the requested fees are reasonable. *See Comm'r, INS v. Jean*, 496 U.S. 154, 160-61 (1990) (the court has similar discretion under the EAJA to determine the reasonableness of fees as it does under the Civil Rights Attorney's Fees Awards Act of 1976, 42 U.S.C. § 1988, as described in *Hensley v. Eckerhart*, 461 U.S. 424, 436-37 (1983)); *Atkins v. Apfel*, 154 F.3d 986, 989 (9th Cir. 1998) (discussing the *Jean* clarification that the *Hensley* analysis applies to EAJA cases). One factor a court must consider in this analysis is the results obtained. *See Atkins*, 154 F.3d at 989 (the results obtained factor of the *Hensley* fee analysis applies to cases under the EAJA). The Ninth Circuit has cautioned that district courts may not reduce requested fees in social security disability appeals without providing relatively specific reasons. *Costa v. Comm'r Soc. Sec. Admin.*, 690 F.3d 1132, 1136–37 (9th Cir. 2012).

The United States Supreme Court has set out a two-step process for analyzing a fee award when a plaintiff succeeds on only some contentions raised in the underlying lawsuit. *Hensley*, 461 U.S. at 434[1]; *see also Sorenson v. Mink*, 239 F.3d 1140, 1147 (9th Cir. 2001). The first step is to consider whether the plaintiff failed to prevail on claims that were unrelated to the claims on which the plaintiff succeeded. *Hensley*, 461 U.S. at 434. Claims are "unrelated" if they are "entirely distinct and separate from the claims on which the plaintiff prevailed." *Mink*, 239 F.3d at 1147 (quotation marks and citation omitted); *see also Hensley*, 461 U.S. at 434, 440 (unrelated claims are "distinctly different claims for relief that are based on different facts and legal theories" and are "distinct in all respects from [the] successful claims"). Hours expended on unrelated, unsuccessful claims should not be included in the fee award. *Hensley*, 461 U.S. at 440; *Mink*, 239 F.3d at 1147.

---

[1] As noted above, the Supreme Court in *Jean* applied the *Hensley* analysis to fee determinations under the EAJA. *Jean*, 496 U.S. at 160-63.

The second step of the *Hensley* analysis is to consider whether the "plaintiff achieve[d] a level of success that makes the hours reasonably expended a satisfactory basis for making a fee award." *Hensley*, 461 U.S. at 434. A district court "should focus on the significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation." *Id*. at 435. "Where a plaintiff has obtained excellent results, his attorney should recover a fully compensatory fee. . . . In these circumstances the fee award should not be reduced simply because the plaintiff failed to prevail on every contention raised in the lawsuit." *Id*. A plaintiff "who has won substantial relief should not have his attorney's fee reduced simply because the district court did not adopt each contention raised" but where a plaintiff "achieved only limited success, the district court should award only that amount of fees that is reasonable in relation to the results obtained." *Id.* at 440. There is no rule or mathematical formula for making these determinations and it is left to the district court's discretion, exercised in light of the considerations identified by the Supreme Court. *Id.* at 436-37. The district court must provide a "concise but clear explanation of its reasons for the fee award" and "should make clear that it has considered the relationship between the amount of the fee awarded and the results obtained." *Id.* at 437.

Here, although the parties and the Court have divided Plaintiff's suit into different assignments of error for convenience, Plaintiff has only asserted a single claim for relief arising out of a set of common facts. As such, much of the attorney time was "devoted generally to the litigation as a whole," the hours cannot easily be divided "on a claim-by-claim basis," and "the lawsuit cannot be viewed as a series of discrete claims." *Hensley*, 461 U.S. at 435; *see also Mink*, 239 F.3d at 1147 (all claims related to improving Oregon's disability determination system, involved a common core of facts and were based on related legal theories; thus they were related

for purposes of a fee award). Thus, the first step of the *Hensley* analysis does not support reducing the fee award.

With regard to the second step of the *Hensley* analysis, this Court must determine whether Plaintiff achieved "substantial relief" as opposed to "limited success." If Plaintiff achieved only "limited success," then this Court must compare the relief obtained "to the scope of the litigation as a whole" and "award only that amount of fees that is reasonable in relation to the results obtained." *Hensley*, 461 U.S. at 435, 440.

In Plaintiff's opening brief, he argued that the ALJ's decision was flawed and that the case should be remanded for an immediate award of benefits. The Commissioner responded conceding that the ALJ's decision was flawed and agreed to support remand for further proceedings, but argued that the case should be remanded for further proceedings instead of an award of benefits. In Plaintiff's reply brief, Plaintiff argued that the case should be remanded for an immediate award of benefits. Ultimately, the Court agreed with Plaintiff and the Commissioner that the ALJ's decision was flawed and therefore must be reversed, but the Court ordered that the case be remanded to the ALJ for further proceedings. Thus, although Plaintiff achieved success on achieving a remand, the success was limited because the case was remanded for further proceedings, as the Commissioner argued for, rather than an immediate award of benefits, as Plaintiff had sought. ECF 34. Plaintiff thus achieved limited success.

In *Cook v. Berryhill*, the court analyzed a similar set of circumstances where the Commissioner conceded error after reviewing Cook's opening brief and agreed to support further remand proceedings. *Cook v. Berryhill*, No. 3:15-CV-01891-SB, 2017 WL 4800730, at *3 (D. Or. Sept. 6, 2017), *report and recommendation adopted*, 2017 WL 4799797 (D. Or. Oct. 24, 2017). Cook declined the government's offer and proceeded to file a reply brief requesting a

remand for immediate award of benefits. *Id.* The court concluded that "the reply brief did not lead to a successful result because Cook did not achieve the type of remand she requested" and therefore decided not to award EAJA fees for time spent preparing the reply brief. *Id.* The court also declined to award EAJA fees for a reply brief seeking immediate payment of benefits after the government had conceded error in *Carr v. Colvin*, 2014 WL 7447739, at *4 (D. Or. Dec. 29, 2014) . Because Plaintiff incurred additional fees in preparing a reply brief that advanced a position that the Court rejected, Plaintiff is not entitled to attorney fees for the reply brief.

The Supreme Court has held that under the EAJA, the prevailing party is entitled to fees incurred in protecting the EAJA fee award in subsequent litigation by the government over the amount of fees. *Comm'r, I.N.S. v. Jean*, 496 U.S. 154, 161 (1990). The Court grants the majority of the fees Plaintiff requests, and the government, in its response brief, concedes that fees in the amount of $5,658.71 would be reasonable. Therefore, Plaintiff may reasonably request compensation for the time spent on the fee petition in this case. The Court, however, does not award fees for the time spent in preparing Plaintiff's reply in support of its fee petition because Plaintiff did not succeed on the arguments advanced in the reply brief.

The Court finds an award of $5,658.71 (representing 1.3 hours at the 2017 rate of $196.79 per hour and 26.8 hours at the 2018 rate of $201.60 per hour) is reasonable. The Court GRANTS Plaintiff's Motion for Attorney Fees under 28 U.S.C. § 2412(d) (ECF 36).

**IT IS SO ORDERED.**

DATED this 22nd day of April, 2019.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge